UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. |
| | ) |
| THE UNIVERSITY OF MASSACHUSETTS, | ) |
| MARTY MEEHAN, DAVID CASH, | ) |
|     Defendants. | ) |

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Dr. Shiva Ayyadurai, by and through the undersigned attorneys, hereby petitions this Court for a judgment against Defendants the University of Massachusetts, Marty Meehan, in his official capacity as the President of the University of Massachusetts, and David Cash, in his official capacity as the Dean of the McCormack Graduate School of Policy and Global Studies at the University of Massachusetts Boston, in this Verified Complaint for Declaratory and Injunctive Relief and alleges as follows:

### INTRODUCTION

1. This Complaint challenges the University of Massachusetts' ("UMass" or the "University") exclusion of Plaintiff from a series of debates prior to the November 2018 general election for United States Senate it is hosting and/or sponsoring.

2.  Plaintiff is a ballot qualified Independent candidate for United States Senate in Massachusetts.

3.  Prior to September 4, 2018, the University had decided to host and co-sponsor at least three U.S. Senate debates taking place prior to the 2018 general election.

4.  Plaintiff has been wrongly and arbitrarily excluded from these debates in violation of the First and Fourteenth Amendments to the United States Constitution, and Article 16 of the Massachusetts Declaration of Rights.

5.  Because the Senate debates and the general election are fast approaching, immediate injunctive relief is appropriate and necessary to protect Plaintiff, and the voters who support him, from serious, irreparable harm.

6.  To this end, Plaintiff seeks declaratory and injunctive relief. Specifically, Plaintiff asks the Court to ensure the openness and fairness of the democratic process and prevent serious and irreparable injury to Plaintiff by: (1) declaring unconstitutional the actions of Defendants, which functionally exclude Plaintiff from the October 15, 2018 debate because of the acts of the University's co-sponsors and the narrowness of Defendants' invitation criteria; (2) ordering the Defendants to permit Plaintiff's ability to earn participation in the October 15, 2018 debate; (3) declaring unconstitutional Defendants' exclusion of Plaintiff from the October 21 and October 30 debates, which appear to have arbitrarily included only the Republican and Democratic candidates in a blatant act of viewpoint discrimination;

and, (4) ordering the Defendants to permit Plaintiff's participation in the October 21, 2018 and October 30, 2018 debates.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff challenges the Defendants' actions as violating Plaintiff's rights guaranteed under the First and Fourteenth Amendment to the U.S. Constitution.

8. Federal question jurisdiction is also appropriate because this action is brought pursuant to 42 U.S.C. § 1983 as Defendants have violated Plaintiffs' constitutional rights under the color of state law. *See* 28 U.S.C. § 1343; *see also id*. § 1331.

9. This Court is authorized to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

10. This Court is authorized to award attorneys' fees pursuant to 42 U.S.C. § 1988.

11. Venue is proper in this Court because the University of Massachusetts is a Defendant and all Defendants have their offices in the State of Massachusetts. Additionally, Plaintiff resides and has his office within the State of Massachusetts. *See* 28 U.S.C. § 1391(b)(1), (2012).

12. In addition, all of the events that give rise to Plaintiffs' claims occurred within the State of Massachusetts. *See id*. § 1391(b)(2).

## PARTIES

13. Plaintiff, Dr. Shiva Ayyadurai, is an Independent candidate for United States Senate in Massachusetts. His offices are located at 701 Concord Avenue, Cambridge, MA 02138. Plaintiff was the first candidate to announce his candidacy on February 2017, and was similarly the first candidate on the ballot for the general election. Plaintiff has been actively campaigning for the Senate seat since February 2017 and his campaign committee has raised and spent roughly $5 million. Plaintiff's candidacy has garnered national media attention (including Boston Globe, Washington Post, New York Times, Wall Street Journal, Boston Herald, NY Daily News, National Public Radio, WGBH, Fox News, NBC, InfoWars, CNN, CBS, NECN, The Nation, Mother Jones, and Newsweek), and in two polls conducted earlier in the campaign cycle, he had showings at 25% and 27% against the incumbent in head-to-head matchups.

14. Defendant University of Massachusetts is part of the Massachusetts system of public institutions of higher education. *See* Mass. Ann. Laws ch. 75, § 1 (Law. Coop. 1978). The University of Massachusetts is part of the Massachusetts system of public institutions of higher education. *See* Mass. Ann. Laws ch. 75, § 1 (Law. Coop. 1978). As such, "[t]he University is an instrumentality of the Commonwealth of Massachusetts and its administrators and trustees in actions taken in their official capacity are subject to the restrictions of the [United States Constitution.]" *Close v. Lederle*, 303 F. Supp. 1109, 1111 (D. Mass. 1969), *rev'd on other grounds*, 424 F.2d

988. *See also Reproductive Rights Network v. President of Univ. of Mass.*, 45 Mass App. Ct. 495 (1998). Its primary or principal offices are located at 1 Beacon Street, Floor 31, Boston, MA 02108.

15. Defendant Marty Meehan is the President of the University of Massachusetts. His primary or principal offices are located at 1 Beacon Street, Floor 31, Boston, MA 02108. Mr. Meehan is sued only in his official capacity.

16. Defendant David Cash is the Dean of the McCormack Graduate School of Policy and Global Studies at the University of Massachusetts Boston. His primary principal office is located at McCormack Hall, 3rd Floor, Room 625, 100 Morrissey Blvd., Boston, MA 02125. Mr. Cash is sued only in his official capacity.

**FACTUAL BACKGROUND**

17. On the evening of August 30, 2018, Plaintiff received a letter via email, attached here as Exhibit A, conditionally inviting him to participate in the October 15, 2018 debate hosted by the University, NBC10 Boston, Telemundo Boston, NECN, the Boston Globe, WBUR, and the John F. Kennedy Library Foundation. His participation was contingent upon his candidacy "achiev[ing] a significant level of support" as gauged by "looking at three statewide opinion polls conducted by reputable news organizations or academic institutions prior to October 1, and average[ing] their figures." One or more of the organizations which have conducted polls for this race are co-hosting the October 15 debate with the University. If an

5

average of 15 percent of respondents to those polls indicated support, typically measured by the visibility of Plaintiff's candidacy *e.g.* if registered Massachusetts voters had heard of his campaign, he would be allowed to participate in the debate. This letter was signed by Defendant David Cash.

18. Through no fault of Plaintiff, and as a direct result of the University's debate co-hosts' actions, Plaintiff's name has been outright excluded from the most important question used to determine his visibility from all known recent public polls with the exception of two polls conducted much earlier in the campaign cycle. The MassINC Polling Group/WBUR's polls conducted this year, on March 16-18 and May 22-26, 2018, for example, removed his name on the most important and critical question on visibility. Similarly, Plaintiff's name also does not appear on *any* questions on the Suffolk University Political Research Center/Boston Globe poll conducted June 8-12, 2018. These absences are conspicuous given those polls' inclusion of numerous other, less notable, candidates, and given that the visibility percentage is requisite to determine debate stage access.

19. Accordingly, the criteria the University has set forth for inclusion in its U.S. Senate debate on October 15, 2018 will inevitably exclude Plaintiff, a real and viable candidate, entitled to participate on equal footing with the nominees from the two major parties. This exclusion is a direct result of decisions by the Defendants and the University's co-hosts.

20. Moreover, other debates sponsored by the University of Massachusetts were apparently pre-arranged prior the September 4, 2018 primaries without Plaintiff's knowledge or invitation, to which Plaintiff's general election opponents, Democratic Senator Elizabeth Warren and Republican challenger Geoff Diehl, were invited.

21. There has been and continues to be no indication as to what Defendants' criteria was in excluding Plaintiff from those debates or under what criteria he may participate.

22. It appears that exclusion from the October 21 debate was an act of viewpoint discrimination by UMass and its co-sponsors.

23. It appears that exclusion from the October 30 debate was an act of viewpoint discrimination by UMass and its co-sponsors.

24. On September 6, 2018, Plaintiff, by and through counsel, transmitted a letter to Defendant Meehan, attached as Exhibit B, which requested that he be permitted to participate in all of the debates hosted or sponsored by Defendants. The letter also requested a response by Wednesday, September 12, 2018.

25. On or about September 11, 2018, UMass counsel indicated in a phone call to counsel for Plaintiff that the "debate at UMASS Boston" has been postponed, without specifying which specific debate Defendants are postponing.

## I. VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS FOR EXLCUSION FROM THE OCTOBER 21 AND OCTOBER 30 "ARBITRARY" DEBATES

26. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

27. Defendants' exclusion of Plaintiff from the debates violates Plaintiff's rights under the First and Fourteenth Amendment.

28. The night of the Republican and Democratic Primaries UMass, along with its co-sponsors, announced it was co-sponsoring a "three-debate series" that included the Democratic and Republican candidates only, and excluded Plaintiff.

29. Three debates were announced on Primary night, and the two in which UMass is participating were scheduled for October 21 and October 30 (hereinafter the "Arbitrary debates.").

30. The Arbitrary debates, upon information and belief, are co-sponsored by UMass, making Plaintiff's exclusion from the debates because of blatant viewpoint discrimination a violation of the First and Fourteenth Amendments.

31. Each of the Arbitrary debates co-sponsored by Defendants is a limited public forum. *See Ark. Educ. Tv Comm'n v. Forbes*, 523 U.S. 666, 680 (1998) ("the government creates a designated public forum when it makes its property generally available to a certain class of speakers . . . ."); *Id*. at 675 (""candidate debates present the narrow exception to the rule."); *Arons v. Donovan*, 882 F. Supp. 379, 387-88 (D.

N.J. 1995). *See also Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 830 (1995); *Widmar v. Vincent*, 454 U.S. 263, 268-69 (1981) ("[O]ur cases leave no doubt that the First Amendment rights of speech and association extend to the campuses of state universities.) (citing *Healy v. James*, 408 U.S. 169, 180 (1972); *Tinker v. Des Moines Independent School District*, 393 U.S. 503, 506 (1969); *Shelton v. Tucker*, 364 U.S. 479, 487 (1960)); *Madison Joint School District v. Wis. Employment Relations Comm'n*, 429 U.S. 167, 175, and n. 8 (1976) (although a State may conduct business in private session, "[where] the State has opened a forum for direct citizen involvement," exclusions bear a heavy burden of justification); *Libertarian Nat'l Comm., Inc. v. Holiday*, 2014 U.S. Dist. LEXIS 145969, * 14 (D.D.C. 2014) (candidate debates are subject to greater scrutiny).

32. Here Defendants have discriminated against Plaintiff based on the arbitrary decisions to include only the Republican and Democratic candidates, while excluding the only other legally qualified candidate.

33. Defendants unreasonably, arbitrarily, capriciously, and unconstitutionally prohibited Plaintiff's participation.

34. The Defendants have given no justification for excluding Plaintiff from those debates despite Plaintiff's clear and unquestionable status as a serious candidate.

35. Internal polling demonstrates that a strong portion of the electorate have heard of his candidacy at levels exceeding 30 percent.

36. Google analytics searches reveal that his popularity is 18,000 searches per month, whereas other candidates such as the Republican nominee receive less than 3,000 searches per month.

37. News media consider him a serious candidate and have given him national coverage.

38. Plaintiff has enjoyed strong financial support as evidenced by his campaign committee's multimillion dollar fundraising and spending including the employment of campaign staff.

39. The Wikipedia page covering the election prominently displays Plaintiffs name, image, and information. United *States Senate election in Massachusetts, 2018*, WIKIPEDIA, https://en.wikipedia.org/wiki/United_States_Senate_election_in_Massachusetts_2018, (last accessed Sept. 11, 2018).

40. There is no legitimate or rational justification for prohibiting Plaintiff's participation in the debates. There are only three candidates, including Plaintiff, in this particular race. Allowing Plaintiff's participation will not somehow open the flood gates and be incompatible with the dictates of these debates because there are so few candidates in this election. *Cf.. Ark. Educ. Tv Comm'n,* 523 U.S. at 679; *Libertarian Nat'l Comm., Inc.,* 2014 U.S. Dist. LEXIS 145969, * 24-27.

41. The only conceivable reason Plaintiff was excluded from these Arbitrary debates is due to his status as a third-party Independent candidate. This not only constitutes viewpoint discrimination, which is impermissible under the First Amendment, *see Ark. Educ. Tv Comm'n,* 523 U.S. at 682-683, but also constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment. *See Widmar*, 454 U.S. 263; *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979).

## II. VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS FOR EXLCUSION FROM ABILITY TO QUALIFY FOR THE OCTOBER 15 "CRITERIA" DEBATE

42. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

43. Defendants' exclusion of Plaintiff from the October 15 debate with criteria violates Plaintiff's rights under the First and Fourteenth Amendment (hereinafter "Criteria debate").

44. The Criteria debate hosted by Defendants is a limited public forum. *See Ark. Educ. Tv Comm'n*, 523 U.S. at 680 ("the government creates a designated public forum when it makes its property generally available to a certain class of speakers . . . ."); *Id*. at 675 ("candidate debates present the narrow exception to the rule."); *Arons*, 882 F. Supp. at 387-88. *See also Rosenberger*, 515 U.S. at 830; *Widmar*, 454 U.S. at 268-69 ("[O]ur cases leave no doubt that the First Amendment rights of

speech and association extend to the campuses of state universities.) (citing *Healy*, 408 U.S. at 180; *Tinker*, 393 U.S. at 506; *Shelton*, 364 U.S. at 487); *Madison Joint School District*, 429 U.S. at 175, and n. 8 (although a State may conduct business in private session, "[where] the State has opened a forum for direct citizen involvement," exclusions bear a heavy burden of justification); *Libertarian Nat'l Comm., Inc.*, 2014 U.S. Dist. LEXIS 145969 at * 14 (candidate debates are subject to greater scrutiny).

45. Here Defendants have discriminated against Plaintiff based on the arbitrary decisions of their debate co-hosts to exclude Plaintiff from their polling. They made their debate available to candidates for U.S. Senate in Massachusetts who achieve a "significant level of support", a certain class of speakers, and then narrowed those parameters to exclude Plaintiff.

46. The Defendants have given no justification for excluding Plaintiff from the ability to qualify for this debate despite Plaintiff's clear and unquestionable status as a serious candidate.

47. Internal polling demonstrates that a strong portion of the electorate have heard of his candidacy at levels exceeding 30 percent.

48. Google analytics searches reveal that his popularity is 18,000 searches per month, whereas other candidates such as the Republican nominee receive less than 3,000 searches per month.

49. News media consider Plaintiff a serious candidate and have given him national coverage.

50. Plaintiff has enjoyed strong financial support as evidenced by his campaign committee's multimillion dollar fundraising and spending including the employment of campaign staff.

51. The Wikipedia page covering the election prominently displays Plaintiffs name, image, and information. United *States Senate election in Massachusetts, 2018*, WIKIPEDIA, https://en.wikipedia.org/wiki/United_States_Senate_election_in_Massachusetts_2018, (last accessed Sept. 11, 2018).

52. There is no legitimate or rational justification for prohibiting Plaintiff's participation in the debates. There are only three candidates, including Plaintiff, in this particular race. Allowing Plaintiff's participation will not somehow open the flood gates and be at all incompatible with the dictates of these debates because there are so few candidates in this election. *Cf.. Ark. Educ. Tv Comm'n,* 523 U.S. at 679; *Libertarian Nat'l Comm., Inc.*, 2014 U.S. Dist. LEXIS 145969, * 24-27.

53. The only conceivable reason Plaintiff was excluded from these debates is due to his status as a third party Independent candidate. This not only constitutes viewpoint discrimination, which is impermissible under the First Amendment, *see Ark. Educ. Tv Comm'n,* 523 U.S. at 682-683, but also constitutes a violation of the

13

Equal Protection Clause of the Fourteenth Amendment. *See Widmar*, 454 U.S. 263; *Socialist Workers Party*, 440 U.S. at 184.

54. The exclusion of Plaintiff from the necessary qualifying parameters is a direct and proximate result of decisions made by UMass officials, including Defendants, in violation of the First and Fourteenth Amendments.

### III. VIOLATION OF MASSACHUSETTS LAW

55. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

56. Defendants' exclusion of Plaintiff from their debates also constitutes a violation of Article 16 of the Massachusetts Declaration of Rights.

57. Article 16 of the Massachusetts Declaration of Rights provides that "[t]he right of free speech shall not be abridged."

58. "Both the First Amendment to the United States Constitution and art. 16 of the Massachusetts Declaration of Rights, as amended by art. 77 of the Amendments to the Massachusetts Constitution, generally protect speech from government regulation. *See O'Brien v. Borowski*, 461 Mass. 415, 422, 961 N.E.2d 547 (2012). . . . [A] separate analysis of this issue is [not] necessary under each of these constitutional provisions." *Commonwealth v. Walters*, 472 Mass. 680, n. 26 (Mass. 2015).

59. Just as Defendants' have violated Plaintiff's First Amendment Rights, they have violated his rights under the Massachusetts Constitution.

## **PRAYER FOR RELIEF**

A. Declare the Defendants' debate practices unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article 16 the Massachusetts Declaration of Rights.

B. Order Defendants to allow Plaintiff to participate in the October 21, 2018 "Arbitrary" candidate debate.

C. Order Defendants to allow Plaintiff to participate in the October 30, 2018 "Arbitrary" candidate debate.

D. Order Defendants to work with their co-sponsors to ensure Plaintiff has an opportunity to earn participation in the "Criteria" candidate debate.

E. Award all other relief that this Court deems just and proper.

Respectfully submitted,

September 12, 2018  
Boston, MA

/s/ *Timothy Cornell*  
Timothy Cornell BBO # 654412  
Cornell Dolan, P.C.  
One International Place, Suite 1400  
Boston, MA 02110  
(617) 535-7763  
(617) 535-7650 (fax)  
tcornell@cornelldolan.com

Jason Torchinsky (VA 47481)
Dennis W. Polio (CT 438205)
(Pro hac vice applications to be filed)
HOLTZMAN VOGEL
JOSEFIAK TORCHINSKY PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
(540) 341-8808
Fax: (540) 341-8809
jtorchinsky@hvjt.law
dwpolio@hvjt.law

**VERIFICATION**

I, Shiva Ayyadurai, declare as follows:

1. I am a resident of Massachusetts, citizen of the United States, and plaintiff in the above-captioned action.
2. I am a candidate for the United States Senate in the November 2018 election, and have obtained sufficient signatures to appear on the ballot.
3. I have personal knowledge of the facts set forth in the above *Verified Complaint for Declaratory and Injunctive Relief,* and if called upon to testify, could competently testify on the facts set forth therein.
4. I verify under penalty of perjury of the United States of America pursuant to 28 U.S.C. § 1746 that the factual statements set forth herein are true and correct.

Date: 9/12/2018

Shiva Ayyadurai