UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETT

_____

| | |
|---|---|
| DR. SHIVA AYYADURAI, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:18-cv-11929-RGS |
| | ) |
| THE UNIVERSITY OF MASSACHUSETTS, | ) |
| MARTY MEEHAN, DAVID CASH, | ) |
| Defendants. | ) |

_____

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION**

A preliminary injunction is necessary here to prevent Plaintiff Dr. Shiva Ayyadurai from suffering irreparable harm by being blocked from debates critical to reaching undecided voters in the Massachusetts election to the United States Senate. Defendants the University of Massachusetts, and Marty Meehan and David Cash, in their official capacities with the University, should be enjoined from conducting the Arbitrary Debates for the United States Senate debates scheduled for October 21, 2018, and October 30, 2018 without allowing Plaintiff an opportunity to participate, and from conducting the Criteria Debate on October 15, 2018 without affording Plaintiff an opportunity to earn participation. Otherwise, these events would be conducted in violation of the First and Fourteenth Amendments of the United States Constitution and Massachusetts Law.

Because of the looming schedule for the debates and the irreparable harm posed to the Plaintiff by his absence from that stage, the Plaintiff respectfully requests oral argument and a decision on an expedited basis.

### **INTRODUCTION**

This action arises out of Defendants' exclusion of Plaintiff from a series of debates the University of Massachusetts ("UMass" or the "University") is hosting and/or sponsoring, which lead up to the November 2018 general election for United States Senate. Defendants have invited the Democratic and Republican nominees for Senate to participate in the Arbitrary debates, and also offered those nominees seats in the Criteria debate. At the same time, Defendants have prohibited Plaintiff, an Independent candidate and the only other legally qualified candidate for the same seat, from participating in either the Arbitrary debates or the Criteria debate.

In doing so, Defendants discriminate against Plaintiff based solely on his viewpoint and lack of political party affiliation. This boycott constitutes blatant viewpoint discrimination and a violation of the First and Fourteenth Amendments as well as a violation of Massachusetts' law. This motion requests that this Court issue a preliminary injunction prohibiting Defendants from conducting Arbitrary debates that fail to permit Plaintiff to participate, and from conducting the Criteria debate without affording Plaintiff an opportunity to earn participation.

I.    **FACTUAL BACKGROUND**

Dr. Ayyadurai is a ballot-qualified independent candidate for United States Senate in Massachusetts. Facts related to his candidacy, the strength of this campaign, the financial support, and the media attention he has generated are outlined in the Verified complaint in this matter, and those facts are incorporated here by reference.

On August 30, 2018, Dr. Ayyadurai received a letter signed by Defendant David Cash conditionally inviting him to participate in the October 15, 2018 debate (the "Criteria debate") hosted by the University, NBC10 Boston, Telemundo Boston, NECN, the Boston Globe, WBUR, and the John F. Kennedy Library Foundation. Ex. A. His participation was contingent upon his candidacy "achiev[ing] a significant level of support" as gauged by "looking at three statewide opinion polls conducted by reputable news organizations or academic institutions prior to October 1, and average[ing] their figures." One or more of the organizations which have conducted polls for this race are co-hosting the October 15 Criteria debate with the University. If an average of 15 percent of respondents to those polls indicated support, typically measured by the visibility of Plaintiff's candidacy *e.g.* if registered Massachusetts voters had heard of his campaign, the letter stated, he would be allowed to participate in the debate.

Through no fault of Plaintiff, and as a direct result of the University's debate co-hosts' actions, Dr. Ayyadurai's name has been outright excluded from the most important question used to determine his visibility from all known recent public polls with the exception of two polls conducted much earlier in the campaign cycle. The MassINC Polling Group/WBUR's polls conducted this year, on March 16-18 and May 22-26, 2018, for example, removed his name on the most important and critical question on visibility.  Nearly one year ago, a similar poll conducted in June of 2017 by MassINC Polling Group/WBUR showed that 14% of those polled had at least heard of Dr. Ayyadurai.  Dr. Ayyadurai's name also does not appear on *any* questions on the Suffolk University Political Research Center/Boston Globe poll conducted June 8-12, 2018. These absences are conspicuous given those polls' inclusion of other, less notable, candidates, and given that the visibility percentage is requisite to determine access to the October 15, 2018 debate for which the University, the Boston Globe, and WBUR are among the hosts.

Accordingly, the criteria the University has set forth for inclusion in its October 15 Criteria debate will exclude Plaintiff as a direct result of actions of its co-host.  Plaintiff is a serious and viable candidate, entitled to participate on equal footing with the nominees from the two major parties. This exclusion from the qualifying process is a direct result of decisions by the Defendants and the University's co-hosts.

On the night of the September 4, 2018 primary election, Dr. Ayyadurai learned through the media that two other debates sponsored by the University of Massachusetts (the "Arbitrary debates") were apparently pre-arranged without Dr. Ayyadurai's knowledge or invitation, to which Plaintiff's general election opponents, Democratic Senator Elizabeth Warren and Republican Challenger Geoff Diehl, were invited. The Arbitrary debates are scheduled to take place on October 21, 2018 and October 30, 2018. Defendants have kept secret the criteria in excluding Dr. Ayyadurai from those debates or under what criteria he may participate.  He appears to have been excluded from this debate because of his viewpoints and lack of affiliation with a political party. He is the only other person besides the Republican and Democratic candidates who will appear on the general election ballot.

On September 6, 2018, Plaintiff, by and through counsel, transmitted a letter to Defendant Meehan, which requested that he be permitted to participate in the Arbitrary debates and the ability to earn participation in the Criteria debate. Ex. B. The letter also requested a response by Wednesday, September 12, 2018. Subsequently, on or about September 11, 2018, UMass counsel indicated in a phone call to counsel for Plaintiff that the "debate at UMASS Boston" has been postponed, without specifying which specific debate Defendants are postponing.

Defendant University of Massachusetts is part of the Massachusetts system of public institutions of higher education. *See* Mass. Ann. Laws ch. 75, § 1 (Law. Coop. 1978). As such, "[t]he University is an instrumentality of the Commonwealth of Massachusetts and its administrators and trustees in actions taken in their official capacity are subject to the restrictions of the [United States Constitution.]" *Close v. Lederle*, 303 F. Supp. 1109, 1111 (D. Mass. 1969), *rev'd on other grounds*, 424 F.2d 988. *See also Reproductive Rights Network v. President of Univ. of Mass.*, 45 Mass App. Ct. 495 (1998).

Defendant Marty Meehan is the President of the University of Massachusetts. Defendant David Cash, who signed the conditional invitation letter sent to Plaintiff regarding the October 15 Criteria debate, is the Dean of the McCormack Graduate School of Policy and Global Studies at the University of Massachusetts Boston.

## II.    LAW AND ARGUMENT

Plaintiff requests a preliminary injunction prohibiting the Defendants and their agents and employees from holding the Criteria debate without Dr. Ayyadurai. The debate was scheduled for October 15 without offering Plaintiff a reasonable opportunity to earn the right to participate and the Arbitrary debates scheduled for October 21 and October 30, 2018 will also be held without the Plaintiff.

"In order to be granted a preliminary injunction, a plaintiff must show the Court 'that he is likely to succeed on the merits, that he is likely to suffer irreparable

6

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The sine qua non of this four-part inquiry is likelihood of success on the merits..." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). Further, the balance of the equities and public interest preliminary injunction factors "merge in a case like this one, where the Government is the party opposing the preliminary injunction." *Devitri v. Cronen*, 289 F. Supp. 3d 287, 297 (D. Mass 2018) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

### A. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Dr. Ayyadurai is likely to succeed on the merits of this case because Defendants have acted unlawfully. Defendants' refusal to allow Plaintiff an equal opportunity to earn participation in the Criteria debate and to wholly exclude him from the Arbitrary debates because of viewpoint and lack of party affiliation violates the First and Fourteenth Amendments and Article 16 of the Massachusetts Declaration of Rights because it is blatant viewpoint discrimination. This discrimination has been done arbitrarily and Defendants cannot assert any interest sufficient to justify such discrimination. Accordingly, Defendants actions in

excluding Plaintiff from their debates is unconstitutional and Plaintiff is therefore likely to succeed on the merits of this case.

### Defendants' Exclusion of Plaintiff from the October 21 and October 30 "Arbitrary" Debates is Unconstitutional.

Defendants have discriminated against Dr. Ayyadurai based on the arbitrary decision to include only the Republican and Democratic candidates while excluding the only other legally qualified candidate. The Defendants have given no justification for excluding Dr. Ayyadurai from those debates despite Plaintiff's clear and unquestionable status as a serious candidate and therefore they unreasonably, arbitrarily, capriciously, and unconstitutionally prohibited Plaintiff's participation. It appears that his exclusion from the Arbitrary debates has occurred because of Plaintiff's viewpoint and lack of political party affiliation.  Because the Arbitrary debates, upon information and belief, are co-sponsored by UMass, Plaintiff's exclusion from the debates because of viewpoint discrimination is an obvious violation of the First and Fourteenth Amendments.

#### *i.    The Defendants' Actions Violate First Amendment Guarantees*

"Premised on mistrust of governmental power" the First Amendment is at "'its fullest and most urgent application' to speech uttered during a campaign for political office." *Citizens United v. FEC*, 558 U.S. 310, 339-40 (2010). Speech concerning salient political issues is constitutionally enshrined because it is "the type of speech [that is] indispensable to decision making in a democracy[.]" *First Nat'l Bank v.*

8

*Bellotti*, 435 U.S. 765, 776-77 (1978). This is why the First Amendment emphatically and unequivocally declares that "Congress shall make no law . . . abridging the freedom of speech..." U.S. Const. amend. I.

"[R]egulations affecting speech on government property that has been traditionally devoted to expressive activity, or on property, which although not traditionally open for assembly and debate *has been designated for these purposes by government*, is subject to the strictest of scrutiny." *Parow v. Kinnon*, 300 F. Supp. 2d 256, 267 (D. Mass. 2004) (Stearns, D.J.) (emphasis added) (citing *Perry Education Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983)). "[T]he State may reserve the forum for its intended purposes, communicative or otherwise, *as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view*." *Perry*, 453 U.S., at 131, n. 7 (emphasis added).

"Whether property has status as a 'public forum' is defined by its 'objective characteristics.' *Parow*, 300 F. Supp. 2d at 267 (citing *International Soc. for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 698 (Kennedy, J., concurring)).

If the objective, physical characteristics of the property at issue and the actual public access and uses that have been permitted by the government indicate that expressive activity would be appropriate and compatible with those uses, the property is a public forum. The most important considerations in this analysis are whether the property shares physical similarities with more traditional public forums, whether the government has permitted or acquiesced in broad public access to the property, and whether expressive

activity would tend to interfere in a significant way with the uses to which the government has as a factual matter dedicated the property.

*Id*.

Each of the Arbitrary debates co-sponsored by Defendants is a limited public forum. *See Ark. Educ. Tv Comm'n v. Forbes*, 523 U.S. 666, 680 (1998) ("the government creates a designated public forum when it makes its property generally available to a certain class of speakers . . . ."); *id*. at 675 ("candidate debates present the narrow exception to the rule."); *Arons v. Donovan*, 882 F. Supp. 379, 387-88 (D. N.J. 1995)*; Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 830 (1995); *Widmar v. Vincent*, 454 U.S. 263, 268-69 (1981) ("[O]ur cases leave no doubt that the First Amendment rights of speech and association extend to the campuses of state universities.); *Madison Joint School District v. Wis. Employment Relations Comm'n*, 429 U.S. 167, 175, and n. 8 (1976) ("[where] the State has opened a forum for direct citizen involvement," exclusions bear a heavy burden of justification); *Libertarian Nat'l Comm., Inc. v. Holiday*, 2014 U.S. Dist. LEXIS 145969, * 14 (D.D.C. 2014) (candidate debates are subject to greater scrutiny).

Because the Arbitrary debates are limited public forums, persons who fall into designated classifications are entitled to participate and may not be prohibited from speaking arbitrarily or unreasonably. *Ark. Educ. Tv Comm'n*, 523 U.S. at 680; *Parow*, 300 F. Supp. 2d at 267-68. In hosting debates between candidates for United States Senate in Massachusetts, Defendants have decided to include only the

Republican and Democratic candidates in their Arbitrary debates, while excluding

Plaintiff, the only other legally qualified candidate.  Given Dr. Ayyadurai's

popularity, successful campaign, and legal status as a candidate, he is clearly a real

and serious candidate for United States Senate on par with the other candidates. *Ark.*

*Educ. Tv Comm'n*, 523 U.S. at 680.   This exclusion appears to be on the basis of his

viewpoints and lack of political party affiliation.  As the Supreme Court has noted:

> A burden that falls unequally on new or small parties or on independent
> candidates impinges, by its very nature, on associational choices
> protected by the First Amendment.  It discriminates against those
> candidates and – of particular importance – against those voters whose
> political preferences lie outside existing political parties.  By limiting
> the opportunities of independent-minded voters to associate in the
> electoral arena to enhance their political effectiveness as a group, such
> restrictions threaten to reduce diversity and competition in the
> marketplace of ideas.  Historically political figures outside the two
> major parties have been fertile sources of new ideas and new programs;
> many of their challenges to the status quo have in time made their way
> into the political mainstream.

*Anderson v. Celebrezze*, 460 U.S. 780, 793-794 (1983) (internal citations and

quotation omitted).

There is no legitimate or rational justification for prohibiting Dr. Ayyadurai's

participation in the debates. The burden of gathering the required names for a

candidacy petition is enough of a check. Dr. Ayyadurai and his volunteers gathered

nearly 20,000 signatures, of which they submitted a portion to the Secretary of State

of Massachusetts to get nearly 12,000 certified to be the first on the ballot for the

general election for U.S. Senate.  By law, only 10,000 signatures are required to get

11

**Commented [Office1]:** Notoriety is commonly used of being known for something "bad"

on the ballot. Allowing Plaintiff's participation will not open the flood gates and be incompatible with the dictates of these debates because there are only three candidates in this election. *Ark. Educ. Tv Comm'n,* 523 U.S. at 679 ; *Libertarian Nat'l Comm., Inc. v. Federal Election Comm'n*, 2014 U.S. Dist. LEXIS 145969 , * 24-27.

Given his status, the only conceivable reason Dr. Ayyadurai was excluded from these Arbitrary debates appears to be due to his status as a candidate not affiliated with a political party.  The government's action here is analogous to the independent candidate regulations the Supreme Court found to be discriminatory in *Anderson*, 460 U.S. 780. This is arbitrary and unreasonable viewpoint discrimination in violation of the First Amendment. *Ark. Educ. Tv Comm'n,* 523 U.S. at 682-683

### ii.     *The Defendants' Actions Violate the Fourteenth Amendment*

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND XIV, § 1. The Equal Protection Clause mandates that the states treat all persons similarly situated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

In the Arbitrary debates, Dr. Ayyadurai is situated exactly similar to his Democratic and Republican general election opponents whom the Defendants have invited to participate. Absent any public criteria for the arbitrary debates, the only

discernable difference between him and his opponents is his status as an Independent candidate. However, this distinction can hardly justify the Defendants' refusal of Plaintiff's participation. Defendants arbitrarily and unreasonably discriminated against Plaintiff and continue to do so based on his political viewpoints. This arbitrary discrimination is blatantly unconstitutional under both the First Amendment, as discussed *supra*, and the Fourteenth Amendment.

1. **Defendants' Exclusion of Plaintiff from the Ability to Qualify for the October 15 "Criteria" Debate is Unconstitutional.**

Defendants' exclusion of Dr. Ayyadurai from the October 15 Criteria debate violates Plaintiff's rights under the First and Fourteenth Amendment.   *See e.g. Anderson*, 460 U.S. 780.

Defendants made their debate available to candidates for U.S. Senate in Massachusetts who achieve a "significant level of support," a certain class of speakers, and then narrowed those parameters to exclude Dr. Ayyadurai. Defendants have therefore discriminated against Dr. Ayyadurai based on the arbitrary decisions of their debate co-hosts to exclude Plaintiff from their polling. As outlined in the Verified Complaint, there is substantial evidence of broad support for Plaintiff's campaign.

There is no legitimate justification for choosing a metric, produced by the University's co-hosts, which makes it functionally impossible for Dr. Ayyadurai to participate in the Criteria debate. The only conceivable reason Plaintiff was excluded

from this debate is due to his viewpoints and independent status.  The exclusion of Plaintiff from the necessary qualifying parameters is a direct and proximate result of decisions made by UMass officials, including Defendants, in violation of the First and Fourteenth Amendments. This not only constitutes viewpoint discrimination, which is impermissible under the First Amendment, *see Anderson,* 460 U.S. at 793 and *Ark. Educ. Tv Comm'n,* 523 U.S. at 682-683, but also constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment. *See Widmar*, 454 U.S. 263; *Socialist Workers Party*, 440 U.S. at 184. There can be no reasonable or rational basis for Defendants' exclusion of Plaintiff from the Criteria debate.

2. **Defendants' Exclusion of Plaintiff from the October 21 and October 30 Arbitrary Debates are Unconstitutional.**

Defendants' exclusion of Dr. Ayyadurai from the Arbitrary debates also violates Plaintiff's rights under the First and Fourteenth Amendment.  *Anderson*, 460 U.S. 780.

Defendants made these Arbitrary debates available only to candidates for U.S. Senate in Massachusetts who were affiliated with the two major political parties. These debates were announced immediately after each major political party's primaries concluded.  The details were apparently arranged prior to the primaries, and upon information and belief did not even seek to include Plaintiff in planning these two Arbitrary debates.

14

The exclusion of Plaintiff from the Arbitrary debates is a direct and proximate result of decisions made by UMass officials, including Defendants, in violation of the First and Fourteenth Amendments. This not only constitutes viewpoint discrimination, which is impermissible under the First Amendment, *see Anderson,* 460 U.S. at 793 and *Ark. Educ. Tv Comm'n,* 523 U.S. at 682-683, but also constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment. *See Widmar*, 454 U.S. 263; *Socialist Workers Party*, 440 U.S. at 184. It appears that Plaintiff was excluded from these Arbitrary debates solely on the basis of his viewpoints and lack of affiliation with the major political parties.  No rational basis can justify Defendants' exclusion of Plaintiff from the Criteria debates.

**3. Defendants' Exclusion of Plaintiff From Their Debates Violates Massachusetts Law.**

Defendants' prohibition of Dr. Ayyadurai from the Arbitrary debates and exclusion of Plaintiff from qualifying for the Criteria debate also constitutes a violation of Article 16 of the Massachusetts Declaration of Rights.

Article 16 provides that "[t]he right of free speech shall not be abridged." Art. 16. "Both the First Amendment to the United States Constitution and art. 16 of the Massachusetts Declaration of Rights, as amended by art. 77 of the Amendments to the Massachusetts Constitution, generally protect speech from government regulation. *See O'Brien v. Borowski*, 461 Mass. 415, 422 (2012).  "[A] separate

15

analysis of this issue is [not] necessary under each of these constitutional provisions." *Commonwealth v. Walters*, 472 Mass. 680, n. 26 (Mass. 2015).

As Defendants have violated Plaintiff's First Amendment Rights, they have also violated his rights under the Massachusetts Constitution.

**4. Conclusion**

Defendants have discriminated against Dr. Ayyadurai in prohibiting him from participating in the three debates Defendants are hosting and/or sponsoring. Defendants have done so in an arbitrary and unreasonable manner, which is antithetical to open and productive political discourse and is unconstitutional under the First and Fourteenth Amendments as well as illegal under Massachusetts law. Because of the actions of the Defendants in violation of the U.S. Constitution and Massachusetts law, Plaintiff is likely to succeed on the merits and this motion for preliminary injunction should be granted.

**B. PLAINTIFF IS LIKELY TO SUFFER IRREPARABLE HARM IN THE ABSENCE OF AN INUNCTION THROUGH VIOLATION OF HIS CONSTITUTIONAL RIGHTS.**

Absent a preliminary injunction, Dr. Ayyadurai will suffer irreparable harm. As noted above, if the preliminary injunction is not granted, Dr. Ayyadurai will suffer a violation of his constitutional rights under the First and Fourteenth Amendments and Article 16 of the Massachusetts Declaration of Rights.

Both the First Circuit and the Supreme Court have repeatedly held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976)*; In re Providence Journal Co.*, 820 F.2d 1342, 1352 (1st Cir. 1986) ("Timing is of the essence in politics . . . . When an event occurs, it is often necessary to have one's voice heard promptly, if it is to be considered at all.") *Van Arnam v. GSA*, 332 F. Supp. 2d 376, 388 (D. Mass 2004) (quoting *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 163 (1969) (Harlan, J., concurring)).

The First Circuit has also held that "[w]hile certain constitutional violations are more likely to bring about irreparable harm, [it has] generally reserved this status for infringements of free speech, association, privacy or other rights as to which temporary deprivation is viewed of such qualitative importance as to be irremediable by any subsequent relief." *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 484 (1st Cir. 2009) (quoting *Pub. Serv. Co. of New Hampshire v. West Newbury*, 835 F.2d 380, 382 (1st Cir. 1987))*; Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1022-23 (1st Cir. 1981); *Boston's Children First v. City of Boston*, 62 F. Supp. 2d 247, 261 (D. Mass. 1999).

The debate decisions by Defendants deprive Dr. Ayyadurai of First Amendment and equal protection rights because some candidates will enjoy a greater voice in the days leading up to the general election. This voice will be

provided by Defendants and the University, while depriving Dr. Ayyadurai of that same voice. Dr. Ayyadurai will suffer irreparable harm in the absence of preliminary relief, especially as the date of 2018 general election fast approaches.

### C. THE BALANCE OF EQUITIES TIPS IN THE PLAINTIFF'S FAVOR AND AN INJUNCTION IS IN THE PUBLIC INTEREST

The balance of the equities and public interest factors "merge in a case like this one, where the Government is the party opposing the preliminary injunction." *Devitri*, 289 F. Supp. 3d at 297 (citing *Nken*, 556 U.S. at 435). As discussed *supra*, Defendant University of Massachusetts "is an instrumentality of the Commonwealth of Massachusetts . . . ." *Close*, 303 F. Supp. at 1111. *See also Reproductive Rights Network*, 45 Mass App. Ct. 495.

Defendants have deprived, and will continue to deprive, Plaintiff of his rights guaranteed under the First and Fourteenth Amendments and the Massachusetts Constitution. Plaintiff's injuries, therefore, are immediate, significant, and ongoing. Due to his disparate treatment, Plaintiff cannot enjoy fully his rights under the First Amendment on an equal basis with his opponents if the court fails to issue an injunction prohibiting the Defendants' from excluding Plaintiffs from the Arbitrary debates and a reasonable opportunity to earn a position in the Criteria debate,

In doing so, the government in this instance is inserting itself into the marketplaces of ideas, and determine which voices should be heard in that marketplace.  As the First Circuit has noted:

the state plays an important role as a participant in the marketplace of ideas. It can speak directly, encouraging certain activities (environmental conservation, for example) while discouraging others (narcotics and smoking, for example). It can also speak indirectly, by subsidizing certain speech (for example, public school teaching) and refusing to subsidize other speech (for example, lobbying). There is no question that unfettered government speech can be dangerous to our democratic society. The power to teach, inform, and lead is also the power to indoctrinate, distort judgment, and perpetuate the current regime. With respect to the government's indirect speech in particular, it is important to monitor the government's undoubtedly broad power to decide which activities to subsidize, to ensure that the exercise of that power does not penalize citizens who disagree with the government.

*Student Government Association v. Board of Trustees*, 868 F.2d 473, 482 (1st Cir. 1989).

Defendants, on the other hand, would not be harmed by an injunction because governmental instrumentalities cannot have an interest in unconstitutional actions. *See e.g. Am. Civil Liberties Union v. Ashcroft*, 322 F.3d 240, 247 (3d Cir. 2003); *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2nd Cir. 2013). Any resources the Defendants have expended in hosting the debates would not be lost if Dr. Ayyadurai were allowed to take part.

Moreover, the protection of constitutional rights is of the highest public interest. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). *Stromberg v. California*, 283 U.S. 359, 369 (1931)("[t]he maintenance of the opportunity for free political discussion to the end that government may be responsive to the will of the people and that changes may be obtained by lawful means, an opportunity essential to the security

of the Republic, is a fundamental principle of our constitutional system."); *Scott v. Roberts*, 612 F.3d 1279, 1297 (11th Cir. 2010) ("[T]he public, when the state is a party asserting harm, has no interest in enforcing an unconstitutional law."); *ACLU v. Alvarez*, 679 F.3d 583, 590 (7th Cir. 2012) ("[T]he public interest is not harmed by preliminarily enjoining the enforcement of a statute that is probably unconstitutional."); *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) ("[E]nforcement of an unconstitutional law is always contrary to the public interest."); *Am. Civil Liberties Union*, 322 F.3d at 251 n.11 ("[N]either the Government nor the public generally can claim an interest in the enforcement of an unconstitutional law.") (citation and internal quotation marks omitted). An injunction is in the public interest because the public benefits from the equal treatment of candidates during elections.

## III.   CONCLUSION

Because Dr. Ayyadurai is likely to succeed on the merits, Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in Plaintiff's favor, and an injunction is in the public interest, Dr. Ayyadurai respectfully asks this Court to grant his motion for preliminary injunction enjoining Defendants, their successors, agents, and assigns from conducting the Criteria debate without providing Plaintiff a meaningful opportunity to earn participation and the Arbitrary debates without including Plaintiff.

Respectfully submitted,

September 14, 018                    _/s/ Timothy Cornell_
Boston, MA                          Timothy Cornell BBO # 654412

                                    Cornell Dolan, P.C.

                                    One International Place, Suite 1400

                                    Boston, MA 02110

                                    (617) 535-7763

                                    (617) 535-7650 (fax)

                                    tcornell@cornelldolan.com


                                    Jason Torchinsky (VA 47481)
                                    Dennis W. Polio (CT 438205)
                                    (Pro hac vice applications to be filed)
                                    HOLTZMAN VOGEL
                                    JOSEFIAK TORCHINSKY PLLC
                                    45 North Hill Drive, Suite 100
                                    Warrenton, VA 20186
                                    (540) 341-8808
                                    Fax: (540) 341-8809
                                    jtorchinsky@hvjt.law
                                    dwpolio@hvjt.law


## LOCAL RULE 7.1 CERTIFICATION

I certify that I have conferred with counsel for the Defendants, and he has informed me

that the Defendants oppose this motion.

                        _/s/  Timothy Cornell_
                        Timothy Cornell

## ECF NOTICE CERTIFICATION

I certify that I will file this memorandum of law and the accompanying motion for

preliminary injunction through the Court's Electronic Case File system, and that the Defendants

will be thereby served electronically when they make an appearance, and otherwise will be

mailed a true copy via First Class Mail.

/s/    Timothy Cornell
Timothy Cornell