UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| DR. SHIVA AYYADURAI, | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) C.A. No. 1:18-cv-11929-RGS |
| | ) |
| | ) |
| THE UNIVERSITY OF MASSACHUSETTS, | ) |
| MARTY MEEHAN, DAVID CASH, | ) |
| Defendants. | ) |

_____

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
### TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Dr. Ayyadurai's Motion for Preliminary Injunction should be granted because it is likely that he will succeed on the merits of his claim since his constitutional rights are, and will continue to be, violated by his exclusion from the U.S. Senate debates hosted by the University of Massachusetts.  In opposition, the Defendants argue that such an injunction should not apply to them because they are not involved with the October 21, 2018 Debate, they are not responsible for determining participation in the October 30, 2018 Debate, Dr. Ayyadurai's claims are not ripe, they have excluded Dr. Ayyadurai from the Debates in a viewpoint neutral manner, and this court lacks jurisdiction to hear Dr. Ayyadurai's state law claim.[1] These arguments do not stand up. As shown below, Dr. Ayyadurai has a right to participate in any debate hosted by Defendants and his exclusion will result in the violation of his constitutional rights.

### I.   DEFENDANTS DO NOT ADDUCE SUFFICIENT EVIDENCE

In arguing that they are not sufficiently responsible for the Debates to warrant

---

[1] After reviewing Defendants' arguments concerning Eleventh Amendment immunity from suit for Dr. Ayyadurai's state law claims, Dr. Ayyadurai will voluntarily dismiss Count III.

constitutional scrutiny, Defendants fail to adduce evidence satisfactory evidence under the Best

Evidence Rule Fed. R. Civ. Pro. § 1002 et seq.

> "The Best Evidence Rule requires that a party seeking to prove the 'content' of a writing must introduce the 'original' or a 'duplicate' of the original, unless it is established that (1) all originals have been lost or destroyed (absent bad faith by the proponent); (2) the original cannot be obtained; (3) the original is in the possession of an opposing party who refuses to produce it; or (4) the writing is not closely related to a controlling issue."

*Airframe Sys. v. L-3 Communs. Corp.*, 658 F.3d 100, n. 9 (1st Cir. 2011) (internal citations and

quotation marks omitted). *See also Puerto Rico v. OPG Tech., Inc.*, 2016 U.S. Dist. LEXIS

138863, *42-43 (D. P.R. 2016) (applying Best Evidence Rule in the context of a preliminary

injunction). Defendants state that there is an agreement, and part of that agreement states that

UMASS has no role in determining the criteria for candidate inclusion in the October 30 debate.

Defs.' Ex. 3, ¶¶ 5-6. Accordingly, this agreement must be produced, not just the proposal. Even

still, this Court should disregard Defendants' affidavits.

### A.  The October 21, 2018 Debate.

Defendants now contend that the University is not sponsoring or involved in any way with

the October 21 Debate and so they cannot be liable for Dr. Ayyadurai's exclusion. Specifically,

they argue that it is instead the rest of the Western Massachusetts Media Consortium that is

responsible for that debate.

In doing so, Defendants cite the same media report that Dr. Ayyadurai cited in his Motion

for Preliminary Injunction and simply state that report is incorrect. Defs.' Ex. 2, ¶ 4., Opp. at 5.

However, Defendants do not accompany this statement by any proof aside from a declaration from

the Vice Chancellor for University Relations for the University of Massachusetts at Amherst.

Defs.' Ex. 2. On information and belief, the University has not issued a request for retraction or

correction to the media outlets that have stated that the University will indeed be a co-host to the

October 21, 2018 Debate. Nor has the University has apparently issued any public statement correcting these reports or otherwise stating that it will not be hosting the October 21, 2018 Debate. At the same time, media sources continue to report that the University is sponsoring the October 21, 2018 Debate or that it is part of the Consortium of Western Massachusetts Media Outlets. *See, e.g.,* Dan Glaun, *Sen. Elizabeth Warren, GOP challenger Geoff Diehl agree to Western Mass. debate Oct. 21 as part of 3-debate series*, MASSLIVE (Sept. 4, 2018) https://www.masslive.com/politics/index.ssf/2018/09/elizabeth_warren_agrees_to_wes.html (last accesses Sept. 23, 2018). Defendants' own invitations to subsequent debates seem to also indicate that the University is party of the Consortium. *See* Defs.' Ex. 3-A ("This opportunity presented by the consortium of community leaders -- WCVB, The Boston Globe and the *University of Massachusetts system*, in association with Western Mass News – offers a breadth of local coverage that simply cannot be matched by any other combination of media outlets and *institutions* in the Commonwealth.") (emphasis added).

### B. The October 30, 2018 Debate.

Defendants claim that the University will not be participating in the determination of which candidates are invited to participate in the October 30, 2018 Debate and that saves them from any constitutional liability.

Defendants state that "[i]t is the University's understanding that WCVB and one or more of the other partners will develop and implement these criteria, and will likely base the criteria upon factors including, but not limited to, a polling threshold. To the University's knowledge, the criteria will not be announced by WCVB until at least September 30, 2018, one month prior to the October 30 debate." Opp. at 6; *see also id*. at 11-12. However, neither Defendants nor Mr. Cournoyer state where this understanding comes from. They provide no agreement between the

Debate co-hosts setting this arrangement or other record of the official duties of each of the Debate co-hosts.

The University admits to hosting the October 30th event, which has been essentially set up by the Democratic candidate and lists only one other candidate as participating - the Republican candidate. Defendants expressly state that they made the decision to cancel the October 15, 2018 debate because Senator Elizabeth Warren, the Democratic candidate, announced that she would participate in three other debates on October 21, 2018, October 30, 2018, and a third on a date not then announced. Opp. at 4. As such, Defendants are basing their actions on the wishes of one candidate, the Democratic candidate, while not even informing another candidate, Dr. Ayyadurai. What possible reason could Defendants have for this, besides plain viewpoint discrimination based on Dr. Ayyadurai's nonparty affiliation?

Lastly, Defendant Meehan, on behalf of the University, signed and presumably drafted a letter inviting the Democratic candidate, Elizabeth Warren, to participate in the October 30, 2018 Debate. Defs.' Ex 3-A. This letter certainly was not sent to Dr. Ayyadurai, and it does not appear to have been sent to the Republican candidate. How can the Defendants claim that they have no role in determining who is invited to participate in the October 30, 2018 Debate while simultaneously signing on to the invitations to the Debate? If not expressly charged with inviting candidates to that debate, the University by participating in an event that was essentially set up by one candidate and only allows for the participation of one another candidate, without inviting Dr. Ayyaduari, the only other viable candidate, it is acting unconstitutionally.

## II.    DR. AYYADURAI'S CLAIMS ARE RIPE

Because time is of the essence, Dr. Ayyadurai brings this pre-enforcement action. Ripeness requirements are therefore relaxed. *See Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699

F.3d 1, 9 (1st Cir. 2012). This relaxation of the ripeness requirement is necessary because there is a risk of "irretrievable loss" should Dr. Ayyadurai wait any longer. *Id*. Accordingly, mere threats of not including Dr. Ayyadurai are sufficient to satisfy the ripeness standard. *Id*.

This Motion and Complaint are ripe because, at a minimum, Dr. Ayyadurai has been excluded and continues to be excluded, from every aspect of the debates, while his major party opponents have been included. In fact, Defendants appear to admit as much in their Opposition Brief. *See* Opp. Br. at 14 ("the non-University sponsors of that debate have not made their determination as to who, if anyone, will be invited to participate (in addition to the Democratic and Republican candidates, Senator Warren and Mr. Diehl)."). *See also* Defs.' Ex. 3-A. (requesting the Democratic Candidate participate in the October 30, 2018 Debate, while also allowing her to influence the timing of the Debate).

Under Defendants' theory, it would be nearly impossible for Dr. Ayyadurai's claims to be ripe prior to the debates. There are media reports indicating that the University will be hosting at least two debates which include only the Democratic and Republican candidates. The University did not respond to Dr. Ayyadurai's request to be included in the Debates which it is hosting.

But now the University argues that Dr. Ayyadurai's claim is not ripe because the debate co-sponsors have not made any decision on who to invite—except of course for the decision to include the major party candidates. *See* Defs.' Ex. 1 ¶¶ 6-7; *See also* Defs.' Ex. 3-A. Under this theory, Defendants and their co-hosts can continue to ignore Dr. Ayyadurai, whose claims will only be ripe once they are moot and Dr. Ayyadurai is irreparably harmed—after the Debates have taken place.

While Dr. Ayyadurai can no longer challenge the constitutionality of the October 15, 2018 Debate because Defendants have since cancelled it, the initial letter he received from Defendants

regarding that debate demonstrates his risk of injury. The letter of August 30, 2018 makes clear that Dr. Ayyadurai was going to be excluded from the October 15, 2018 Debate because the criteria the Defendants set forth for inclusion in the October 15 Criteria debate would have inevitably excluded him. *See* Mot. for Prelim. Inj. at 4. Dr. Ayyadurai has no reason to believe that the criteria for the October 21, 2018 and October 30, 2018 Debates will be any different or less exclusive of him. Accordingly, Dr. Ayyadurai faces a real risk of injury.

Further, based on the Defendants' letter of August 14, 2018, they have allowed one candidate to arrange the timing of what is now the October 30, 2018 Debate. Defs.' Ex. 3-A. Defendants and their co-hosts have been and are continuing to exclude Dr. Ayyadurai from the Debates. They have chosen to include the candidates from both of the major parties and ignored Dr. Ayyadurai's requests for inclusion. This is rejection plain-and-simple and Dr. Ayyadurai's claims are ripe.

### III.   DR. AYYADURAI IS LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS BECAUSE DEFENDANTS' ACTIONS ARE UNCONSTITUTIONAL

#### A.  Defendants Are State Actors

Defendants attempt to save their actions from constitutional scrutiny by arguing that there is no state action. Specifically, Defendants claim that they will not be participating in determining the eligibility criteria and accordingly there is no "state action" to challenge under the Constitution. Opp. at 2, 11-14, 16. However, this relationship, however dubious its future existence may be, cannot save Defendants' actions from constitutional scrutiny because the debate co-hosts would be acting under color of law.

"Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law . . . . To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents."

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). The Supreme Court has identified a number of factors that bear on this determination:

> [It has], for example, held that a challenged activity may be state action . . . when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents. [It has] treated a nominally private entity as a state actor . . . when it has been delegated a public function by the State, when it is entwined with governmental policies or when government is entwined in [its] management or control.

*Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001) (internal citations and quotation marks removed).

Defendants and their co-hosts here meet a number of the factors under which the Supreme Court has determined state action. By co-hosting the Debates, Defendants are providing, at the least, significant encouragement, both overt and otherwise, to their Debate co-hosts. Similarly, the private Debate co-hosts are operating as willful participants in the joint activity with the Defendants. Accordingly, because Defendants are at least partially responsible for determining debate eligibility criteria, state action exists based on the significant encouragement and willful joint participation of the University and Defendants.

**B. Dr. Ayyadurai's Exclusion From The Debates Is Either Arbitrary Or Based Solely On Viewpoint Discrimination.**

While simultaneously arguing that there is no state action, Opp. at 2, 11-14, 16, and no exclusion, *id*. at 14-15, Defendants argue that Dr. Ayyadurai's exclusion from the debates is based on viewpoint neutral criteria. *Id*. at 16-18. Specifically, Defendants contend that a state actor, such as the University, may exclude candidates from its events because of a lack of demonstrated voter support.

Defendants' contention is correct and there is plenty of federal precedent to at least partially

support this point. However, Defendants offer no evidence, nor even bother to argue, that Dr. Ayyadurai cannot demonstrate voter support. Not only can Dr. Ayyadurai demonstrate voter awareness through polling and media coverage, *see generally* Pls.' Mot. for Prelim. Inj., but he can demonstrate voter support through successful fundraising, internal polling, and the presence of campaign volunteers and staff. *Id. Cf. Arkansas Ed. Tel. Comm'n v. Forbes*, 523 U.S. 666 (1998).

Dr. Ayyadurai is a real candidate who enjoys significant voter support. As such, his exclusion from any debate is either arbitrary or is based solely on the fact that he is an Independent candidate. Excluding Dr. Ayyadurai for either of these reasons is violative of his rights under the First and Fourteenth Amendment and the Massachusetts Declaration of Rights.

### **CONCLUSION**

Accordingly, for the reasons stated here and in Dr. Ayyadurai's opening brief, this Court should grant Dr. Ayyadurai's requested motion for preliminary injunction.

Respectfully submitted,

September 24, 2018                       */s/ Timothy Cornell*
Boston, MA                               Timothy Cornell BBO # 654412
                                         Cornell Dolan, P.C.
                                         One International Place, Suite 1400
                                         Boston, MA 02110
                                         (617) 535-7763
                                         (617) 535-7650 (fax)
                                         tcornell@cornelldolan.com

                                         Jason Torchinsky (VA 47481)
                                         Dennis W. Polio (CT 438205)
                                         (Pro hac vice applications to be filed)
                                         HOLTZMAN VOGEL

JOSEFIAK TORCHINSKY PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
(540) 341-8808
Fax: (540) 341-8809
jtorchinsky@hvjt.law
dwpolio@hvjt.law

## CERTIFICATE OF SERVICE

I will file the foregoing document with the Clerk of this Court using the CM/ECF system which instantaneously sent a Notice of Electronic Filing to all counsel required to be served.

/s/ Timothy Cornell
Timothy Cornell